554 So.2d 164 (1989)
Reuben J. HAYDEN, Appellant,
v.
RICHLAND PARISH SCHOOL BOARD, Appellee.
No. 21013-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Writ Denied February 16, 1990.
*165 Thomas E. Cooper, Jr., Rayville, for appellant.
Stephen G. Dean, Winnsboro, for appellee.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
In this action for declaratory relief and for specific performance of contract, or, in the alternative, for damages for breach of contract, plaintiff, Reuben J. Hayden, appealed from the judgment of the trial court in favor of the defendant, Richland Parish School Board (hereinafter referred to as the School Board), finding that the plaintiff's contract as Superintendent of Schools for Richland Parish was properly terminated by the School Board, that the disputed contract was not ratified by the School Board and that plaintiff was not entitled to damages for breach of contract. For the reasons stated herein, we affirm the judgment of the trial court.
Issue Presented
The primary issue is whether the trial court erred in finding that plaintiff's contract ended by operation of law pursuant to La.R.S. 42:3 when the term of office of the School Board which executed the contract with plaintiff terminated.
Factual Context
The record shows that on May 3, 1983, plaintiff was elected as Superintendent and a contract was executed providing him with a two year term effective July 1, 1983 through June 30, 1985. On June 5, 1984, the School Board voted to extend plaintiff's contract for one year through June 30, 1986. On May 4, 1986, the School Board voted to renew plaintiff's contract as Superintendent for a four year period, to commence on July 1, 1986 and to terminate on June 30, 1990. On January 1, 1987, the composition of the nine member School Board was changed by the election of six new members. All nine members of the newly composed School Board were to serve a term of four years. Thus, the four year contract executed with plaintiff would extend 3½ years into the new School Board's four year term.
*166 At a special session on February 8, 1988, the new School Board voted to void plaintiff's contract.
On May 18, 1988, plaintiff brought this action, naming as defendant the nine member School Board. In his petition, plaintiff alleged that the contract executed on June 30, 1986 was legally authorized by a duly constituted School Board and that the action of the existing School Board in voiding said contract had no basis in law. Plaintiff claimed that he was entitled to a judgment declaring the 1986 contract valid and binding. Plaintiff alleged that as he had at all times fulfilled the employment contract, the action of the School Board in terminating plaintiff's term effective June 30, 1988 rather than June 30, 1990, as provided by the terms of the contract, constituted a breach of contract as there was no legal basis for voiding the contract. Further, in terminating plaintiff as Superintendent, the School Board failed to follow any procedure specified by the terms of the contract or the provisions of La.R.S. 17:54. If the contract was not enforced, plaintiff alleged he was entitled to damages in the amount of $94,036.99 representing loss of salary and benefits.
In its answer, defendant alleged that under the provisions of La.R.S. 42:3, the term of plaintiff's contract would terminate simultaneously with the term of office of the previous School Board which had entered into the contract with plaintiff. Therefore, plaintiff had not been under contract with the newly composed School Board since January 1, 1987, when the new School Board was sworn into office, having served in a day-to-day employment capacity since that date. Defendant argued that it had validly terminated the employment of plaintiff and therefore plaintiff was not entitled to reinstatement, damages, or any other relief.
The parties filed a joint stipulation of facts setting forth the various contracts in lieu of a trial on the merits and the matter was submitted for decision.
After reviewing the record, the trial court held that the action of the School Board terminating plaintiff's contract of employment was proper pursuant to La. R.S. 42:3. The court stated that the newly composed School Board was entitled to and did elect a superintendent of its own choosing.
Reading La.R.S. 42:3 and La.R.S. 17:54 together, the court stated it did not believe that the statutes were in conflict. The court construed the statutes as providing that a School Board shall elect a Superintendent; the period for which he is elected shall not exceed four years; the period for which he is elected shall not be for a longer period than the term of office of the membership of the Board; the Superintendent shall have the qualifications fixed by the State Board of Education, and the Superintendent shall not be required to be a qualified elector or resident of the parish. As the term for the School Board is four years, the newly elected Board has the power to elect a Superintendent for any length of time not to exceed four years. During their term of office should there be a vacancy in the office of superintendent, whether by resignation, termination, or disability, then the School Board has the power to elect a Superintendent for any length of time not to exceed the remaining term of the School Board members.
Relying on the decision in Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022 (La.App. 3d Cir.1986), the court noted that if the intent of La.R.S. 42:3 was disregarded then public bodies could be forced to continue in office officials and employees elected by prior boards whose ideas and goals were opposed to their own which would create ineffective governing bodies. The court concluded that the four year term of office for superintendents set forth in La.R.S. 17:54 was restricted by the provisions of La.R.S. 42:3. Thus, when the new School Board took office, plaintiff's contract of employment terminated. At that time, plaintiff no longer had a valid contract of employment with the School Board and could be terminated at the will of the incumbent Board.
The court also found that the newly composed School Board did not ratify plaintiff's contract by waiting some 14 months to take *167 action. The court noted there was never any intent to ratify the contract, the contract was null and void by operation of law as of December 31, 1986 and the newly composed School Board evidenced its desire to remove the plaintiff the entire time. The court did not believe the contract could be ratified but even if it could, the action of the School Board could not be construed as ratification. Therefore, plaintiff was not entitled to reinstatement or damages.
Legal Principles
La.R.S. 42:3 provides, in pertinent part, as follows:
The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees.
La.R.S. 17:54 provides as follows:
The parish school boards of the several parishes shall elect from among their number a president and a vice-president and fix the terms of office not to exceed six years.
Each board shall elect a parish superintendent of schools, having such qualifications as may be fixed by the State Board of Education, for a period not to exceed four years. The parish superintendent of schools shall not be required to be a qualified elector or a resident of the parish which he is to serve as superintendent. He shall be required to devote his entire time to the office of parish superintendent of schools.
If at any time such parish superintendent shall be found incompetent, inefficient or unworthy, he shall be removable for such cause by a majority vote of the membership of the parish school board at any regular meeting or at any special meeting after due notice.
By Acts 1988, No. 228, § 1, La.R.S. 17:54 was amended, in pertinent part, to provide that notwithstanding the provisions of La. R.S. 42:3 or the term of office of the employing school board, each board shall elect a parish superintendent of schools ... for a period not to exceed four years.
The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible but if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. The jurisprudence is uniform that all statutory provisions are to be given effect whenever possible. If statutes can be reconciled by a fair and reasonable interpretation, it must be done, as the repeal of a statute by implication is not favored nor to be indulged in if there is any other reasonable construction.
The construction of a particular statute which creates a statutory inconsistency should be avoided when an interpretation can be adopted which will not do violence to the plain words of an act. The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of the statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. It is reasonable to conclude therefore that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter unless the repugnancy between the two is irreconcilable. Prior laws are repealed by subsequent laws only in the case of positive enactment or clear repugnancy and nothing short of irreconcilable conflict between two statutes works a repeal by implication.
See Johnson v. Sewerage District No. 2 of Parish of Caddo, 239 La. 840, 120 So.2d 262 (1960); State v. Randall, 219 La. 578, 53 So.2d 689 (1951); Delta Development v. Plaquemines Parish, 451 So.2d 134 (La. App. 4th Cir.1984), writ denied, 456 So.2d 172 (La.1984); Turner v. City of Shreveport, 437 So.2d 961 (La.App. 2d Cir.1983), and Johnston v. Morehouse Parish Police *168 Jury, 424 So.2d 1053 (La.App. 2d Cir.1982), writ denied, 427 So.2d 1208 (La.1983).
In considering whether La.R.S. 42:3 restricted the term of a police jury treasurer to a term no longer than the term of the office of the police jury which elected him rather than to a two year term as provided by La.R.S. 33:1651, the court in Juneau v. Avoyelles Parish Police Jury, supra, found that the two statutes were not repugnant to each other. It ruled that the two year term of office provided for treasurers in La.R.S. 33:1651 was logically limited by the mandate in La.R.S. 42:3 that no officer of a police jury shall serve for a term longer than the term of office of the police jury which elected him. The court noted that La.R.S. 42:3 clearly pointed out the reasoning behind such mandate, that is, each police jury should be given the freedom and flexibility to appoint its own officers and employees. The court found that if La.R.S. 33:1651 was strictly interpreted, disregarding the intent of La.R.S. 42:3, police juries or other municipal boards could be forced to continue in office officials and employees elected by prior boards whose ideas and goals were diametrically opposed to their own. This situation would only create ineffective and stagnant governing bodies and is precisely what the legislature intended to prevent through the enactment of La.R.S. 42:3. The court concluded that the two year term of office for treasurers of police juries as set forth in La.R.S. 33:1651 was restricted by the provisions of La.R.S. 42:3.
Termination of Contract
Plaintiff argues that the provisions of La.R.S. 17:54 should govern over the provisions of La.R.S. 42:3 under general rules of statutory construction. Plaintiff notes that La.R.S. 17:54 was enacted some 12 years after the enactment of La.R.S. 42:3 and that La.R.S. 42:3 is by its own provisions a statute of general application whereas La. R.S. 17:54 is a special statute of limited application dealing specifically with school board officers and the parish superintendent. Plaintiff contends he was elected at a reasonable time prior to the expiration of his term and therefore can only be removed for reasons set forth in La.R.S. 17:54. Plaintiff asserts that the application of the restrictions of La.R.S. 42:3 to La.R.S. 17:54 would lead to absurd consequences in that superintendents would be entering into contracts that were not binding because they could be voided without cause by a school board if a difference in the composition of the board occurred by death of a board member, etc., during the term of the superintendent.
After examining the statutes and jurisprudence, we find that the trial court did not err in holding that the statutes could be harmonized and that La.R.S. 17:54 was limited by the express provisions of La.R.S. 42:3.
As noted above, statutory provisions are to be given effect wherever possible and if statutes can be reconciled by a fair and reasonable interpretation that should be done. We find that the two statutes are not in conflict and can be harmonized. Reading the statutes together, it is clear that a board shall elect a parish superintendent of schools, having such qualifications as may be fixed by the State Board of Education, for a period not to exceed four years. The period for which he is elected shall not be for a longer period than a term of office of the membership of the electing board.
La.R.S. 17:54 provides only that the term of the superintendent shall not exceed four years and can in no way be construed as establishing a minimum term of employment. Rather, the four year period specified in the statute is the maximum period for which the superintendent may serve under one contract. He may of course enter into successive contracts provided that these also do not exceed the maximum period of four years.
We find the reasoning of the court in Juneau v. Avoyelles Parish Police Jury, supra, and the trial court to be persuasive. If La.R.S. 42:3 was disregarded, then public bodies could be forced by the election of officials by previous boards to continue in office officials and employees whose ideas and goals were opposed to their own. This *169 situation would create ineffective governing bodies and was precisely what the legislature intended to prevent by its enactment of La.R.S. 42:3. The superintendent of schools is an employee of the school board and as such should represent the values, policies and attitudes of the duly elected school board in order to effectively implement the programs of that board. Obviously, the superintendent would handle most of the day-to-day operations of the parish schools and thus the sitting school board should be entitled to elect a superintendent of its own choosing for this serious responsibility. As a practical matter, if La.R.S. 42:3 was not applicable, an outgoing board could always elect a superintendent to a long-term contract shortly before the expiration of its term, thereby saddling the incoming board with a superintendent whose views and policies were inconsistent or contrary to those of the incoming board, effectively thwarting the powers and goals of the new board.
Therefore, we conclude that plaintiff's contract as Superintendent ended by operation of law on December 31, 1986, simultaneously with the end of the term of the membership of the School Board which executed plaintiff's contract. At that time, plaintiff no longer had a valid contract of employment and could be terminated at the will of the incumbent board. Thus, the action of the newly composed school board in voiding plaintiff's contract was legal and justified pursuant to La.R.S. 42:3.
As plaintiff's contract ended by operation of law and plaintiff continued in his employment as a day-to-day employee terminable at the will of the incumbent board, there could be no ratification of the plaintiff's contract by the incumbent board. Further, there is no evidence contained in the joint stipulation of facts submitted by the parties that the newly composed board acquiesced in plaintiff's contract. Thus, we conclude that there had been no ratification or confirmation of the plaintiff's contract by the incumbent School Board so as to entitle plaintiff to reinstatement or damages.
Conclusion
For the reasons stated herein, the judgment of the trial court in favor of defendant, Richland Parish School Board, is AFFIRMED. The costs of this appeal are assessed to plaintiff-appellant.