Dear Ms. Mullican:
You have requested the opinion of this office on whether the outgoing school board could validly enter into a contract with the superintendent of schools for a four year term which would extend well beyond the term of the contracting board.
The selection, term and termination procedures for school superintendents are dealt with in La. R.S. 17:54, which has been subject to two recent amendments and to interpretation by our courts. Also important are the provisions of R.S. 42:3, which, since enactment in 1910, has read as follows:
 Sec. 3. Limitation of terms of employees or officials elected by boards; exceptions
 The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees. This Section does not apply to the officers or employees of any board governed by a civil service law of this state or of any parish or municipality thereof.
Act 228 of 1988 substantially amended R.S. 17:54 and Act 1005 of 1990 again revised and reenacted the section, without making substantive changes. Thus, Act 1005 of 1990 is the current law applicable to this issue. That statute provides, in relevant part, as follows:
 B. Notwithstanding the provisions of R.S. 42:3 or the term of office of the employing school board, each city and parish school board shall elect a superintendent of schools having such qualifications as may be fixed by the State Board of Elementary and Secondary Education, for a period not to exceed four years . . .
The issue which you have raised was considered by our courts in Hayden v. Richland Parish School Board, 554 So.2d 164 La.App. 2nd Cir. 1989; writ denied, 1990. A copy of the Court of Appeals decision, which has been upheld by the Supreme Court, is attached, as it seems dispositive of the issue which you raise.
Although the Hayden case arose before the 1990 amendment of R.S. 17:54, the most recent amendments make no changes in the provisions of the statute relevant to the issue under consideration, so the holding of this case can still be considered valid.
In Hayden, the court found that the provisions of R.S. 42:3 and 17:54
could be "harmonized" and therefore should be considered together:
 "Reading the statutes together, it is clear that a board shall elect a parish superintendent of schools, having such qualifications as may be fixed by the State Board of Education, for a period not to exceed four years. The period for which he is elected shall not be for a longer period than a term of office of the membership of the electing board."
The court further concluded that the term of the superintendent elected by the outgoing board ended by operation of law with the, ". . . end of the term of the membership of the School Board which executed plaintiff's [the outgoing superintendent] contract. At that time, plaintiff no longer had a valid contract of employment and could be terminated at the will of the incumbent board."
I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General