Dear Marshal Picard:
This office is in receipt of your opinion request concerning the compensation of the deputy marshals of Lafayette. The request has been assigned to me for research and reply.
Both LSA-R.S. 13:2076 and LSA-R.S. 13:1881 are relevant to your inquiry. LSA-R.S. 13:2076 is special legislation pertaining to the city of Lafayette, and provides:
 "The deputy marshal shall receive an annual salary of $3,000 payable monthly on his own warrant by the city of Lafayette and by the parish of Lafayette in the proportion of $1,650 by the city and $1,350 by the parish."
LSA-R.S. 13:2076 quoted above was enacted by Act 32 of the 1960 Regular Legislative Session. Act 32 of 1960 also enacted LSA-R.S. 13:1881(B), which formerly read:
 "The marshal may, with the approval of the judge, appoint one or more deputy marshals having the same powers and authority as the marshal but the marshal shall be responsible for their actions." (Emphasis added).
LSA-R.S. 13:1881(B) was amended in 1983 and 1986 and this portion of this general statute now provides:
 "The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city of parish, or both, where the court is located."
A statute which specifically covers a particular subject takes precedence over general law. Where one provision of a statute deals with a subject in general terms, and another deals with the same subject in a more detailed way, the two should be harmonized if possible. If there is any conflict the special legislation will prevail, absent a clear intent to repeal the special legislation. Hayden v. Richland Parish School Board,554 So.2d 164 (La.App. 2nd Cir. 1989).
This office is of the opinion that these statutes are reconcilable. The legislature authorized all marshals to appoint one or more deputy marshals simultaneously with the passage of specific legislation governing the compensation of the deputy marshal of Lafayette. Although LSA-R.S. 13:2076 uses the singular term "deputy marshal", the statute does not by its terms prohibit the appointment of other deputy marshals. As the legislature is presumed to have enacted each statute with deliberation and full knowledge of all existing laws on the same subject, we conclude that the marshal of the city of Lafayette may appoint one or more deputy marshals pursuant to LSA-R.S.13:1881(B).
The last sentence of LSA-R.S. 13:1881(B) indicates the compensation of deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both. We are of the opinion that this general provision governing the compensation of deputy marshals is applicable to those city courts which are not already statutorily regulated. LSA-R.S.13:2076 is special legislation directed specifically towards the compensation of a deputy marshal of Lafayette, and is controlling on this point. It is suggested the passage of remedial legislation is necessary to effectuate a change in the statutory proportions assigned the city and parish contained therein.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0154E