Dear Mr. Lacour:
You have requested an opinion of the Attorney General, in your capacity as legal counsel to the East Jefferson Levee District (District), relative to the employment of a chief administrative officer. You state that the District desires to enter into a five year contract with the potential employee. The District believes the five year term is necessary to induce the employee to leave his present employment.
You ask whether the District can enter into a five year contract and, if not, what is the maximum duration authorized by state law.
The Board of Commissioners (Board) of the District is comprised of four members appointed by the Governor in 1992. LSA-R.S. 38:291(D). The members of the Board serve at the pleasure of the Governor appointing them. LSA-R.S. 38:304(B). Thus, the Board's term of office coincides with that of the Governor's — four years.
LSA-R.S. 42:3 provides with respect to terms of office as follows:
 "The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees. This Section does not apply to the officers or employees of any board governed by a civil service law of this state or of any parish or municipality thereof."
This statute has been interpreted by Louisiana courts to limit the terms of employment contracts entered into by boards. See Hayden v. Richland Parish School Board 554 So.2d 164
(La.App. 2nd Cir. 1989), Writ Denied and Juneau v. Avoyelles Parish Police Jury 482 So.2d 1022 (La.App. 3rd Cir. 1986). Both cases note the public policy behind the strict enforcement of LSA-R.S.42:3, i.e., so that each board be given the freedom and flexibility to appoint its own officers and employees. To disregard the intent of LSA-R.S. 42:3 would force boards to continue in office officials and employees elected or appointed by prior boards whose ideas and goals may be diametrically opposed to their own. Such a situation would only create ineffective and stagnant governing bodies. This is precisely what the legislature intended to prevent through the enactment of LSA-R.S. 42:3.
It is the opinion of this office that the District may enter into an employment contract to hire a chief administrative officer. However, in the absence of specific statutory language to the contrary, the term of the contract may not exceed the current four year term of the Board. This is consistent with the opinion expressed in Attorney General Opinion No. 92-52 which held that the term of an employment contract between the Orleans Levee District and its attorney expired in 1992 — the beginning of a new gubernatorial term of office and a new term for the Board of Commissioners of the Orleans Levee District.
The District may wish to consider legislation similar to that found in LSA-R.S. 17:54, as amended, relative to the term of employment of parish superintendents of schools. It provides:
 "B. Notwithstanding the provisions of La. R.S. 42:3, or the term of office of the employing school board, each city and parish school board shall elect a superintendent of schools, having such qualifications as may be fixed by the State Board of Elementary and Secondary Education, for a period not to exceed four years."
I trust this answers your inquiry. Please advise if we may be of any further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH;III/lbw-0038R