Dear Mr. Robertson:
In your letter of September 25, 1992 you requested an opinion from the Attorney General which has been directed to me for review and response. Specifically, you request an opinion concerning the following questions:
 (1) Are school board employees who are granted annual leave and/or certified persons employed in positions which require an endorsement on their teacher's certificate, such as superintendent, assistant superintendent, instructional supervisors and clerks eligible to use two (2) of their sick days for personal business?
 (2) Does a school board have authority to grant two (2) days of sick leave which can be used as personal business to all employees who have annual leave, regardless of certification status?
The statutes covering sick leave under Title 17, TEACHERS, AND EMPLOYEES, distinguishes between sick leave applicable to teachers and other school employees. LSA-R.S. 17:1200 and LSA-R.S. 17:1201 deal with sick leave for teachers and teaching staff. LSA-R.S. 17:1200B states:
 As used in LSA-R.S. 17:1201, the word "teacher" or "teaching staff" shall include any person employed by a city or parish school board in the State of Louisiana who holds a valid teaching certificate issued by the Department of Education . . . (Emphasis added).
Further, LSA-R.S. 17:1201 provides in pertinent part:
 Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation.
Superintendents and assistant superintendents are considered employees of the city or parish school boards which elect them and which grant their contracts of employment. See, Hayden v. Richland Parish School Bd., 554 So.2d 164 (La.App. 2 Cir. 1989) writ denied 559 So.2d 124 (La. 1990). Superintendents and their assistants must also hold valid teaching certificates as requirements for their positions. Clearly, they meet the definition of "teacher" or "teaching staff" as set out in LSA-R.S. 17:1200B.
Instructional supervisors, to the extent that they hold valid teaching certificates, are also considered to be "teaching staff" for purposes of statutory sick leave under LSA-R.S.17:1201. However, for purposes of personal leave which these "teachers" are entitled to under LSA-R.S. 17:1208, those superintendents, assistant superintendents, and instructional supervisors who receive annual leave are not included. That statute provides in pertinent part:
 Every teacher employed by a parish or city school board of this state, except those employees who receive annual leave, shall be allowed to use up to two days absence during each school year to be used for such purposes as may be determined by the individual teacher without loss of pay. (Emphasis added).
It is the opinion of this office that school board employees, such as instructional supervisors, superintendents and assistant superintendents may use two of their sick days under LSA-R.S.17:1201 for purposes of personal leave unless they also receive annual leave. This does not, of course, prevent a school board from adopting a policy which would give these employees additional days of personal leave.
The other classification of sick leave recipients under this statutory scheme, "employees", is defined in LSA-R.S. 17:1205. A school board "employee" for purposes of sick leave is, "any person in the employ of any parish or city school board of the State of Louisiana who is not a teacher or whose employment does not require the holding of a teacher's certificate or who is not employed as a bus driver."
All school board employees, as defined in Section 1205, receive a minimum of ten days of sick leave. (See, LSA-R.S. 17:1206). Personal leave for school employees is provided for in LSA-R.S.17:1208.1, it states in pertinent part:
 (A) All employees, as defined in LSA-R.S. 17:1205, except those employees who received annual leave, shall be entitled to and shall be allowed up to two days absence during each school year to be taken from current or accumulated sick leave and to be used for such purposes as may be determined by the individual employee without loss of pay. The employee requesting such leave shall give his supervisor at least twenty-four hours notice prior to taking the leave without loss of pay.
It is the opinion of this office that clerks, which are employees under LSA-R.S. 17:1205, are entitled to two days of personal leave unless they also receive annual leave. Again, this does not prevent the local school board from providing for additional days of leave whether for illness or for other reasons.
In conclusion, it is the opinion of this office that under LSA-R.S. 17:1208, school board employees, who are entitled to sick leave according to LSA-R.S. 17:1201, including superintendents, assistant superintendents, and instructional supervisors, are entitled to two days of personal leave unless they receive annual leave. Clerks, which fall within LSA-R.S.17:1205's definition of school board employees are also entitled to two days of personal leave if they do not receive annual leave. Further, it is within a school board's power to provide for additional days of leave to those employees who receive annual leave and, therefore, are exempt from LSA-R.S. 17:1208
and 1208.1.
I trust that this sufficiently answers your questions. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0235p