Dear Mr. Cedars:
You have requested an opinion of the Attorney General in your capacity as General Counsel for the St. Martin Parish School Board ("Board") regarding the validity of a contract of employment between the Board and its Superintendent of Schools. You present the following factual perimeters regarding the contract in question:
1.On October 1, 1990, the Board appointed the Superintendent for a three year, nine month term ending on July 1, 1994.
2.A new Board took office on January 1, 1991. On December 15, 1993, the Board voted to renew the contract for a four year term from July 1, 1994 to July 1, 1998. A second contract was subsequently executed.
3.Slightly over one year later, on January 1, 1995, the current Board took office, including five new members. The total Board is now comprised of nine members.
You specifically ask whether the current Board is bound by the existing contract.
In answer to your question, I refer you to R.S. 17:54(B) which reads, in pertinent part, the following:
 "B. Notwithstanding the provisions of R.S. 42:3 or the term of office of the employing school board, each city and parish school board shall elect a superintendent of schools, having such qualifications as may be fixed by the State Board of Elementary and Secondary Education, for a period not to exceed four years."
R.S. 42:3 provides the following:
 "The term of office of all employees or officials elected by any state, district, parochial or municipal board shall not be for a longer period of time than the term of office of the membership of the board electing them so that each respective board shall elect its own officers and employees. This Section does not apply to the officers or employees of any board governed by a civil service law of this state or of any parish or municipality thereof."
As noted in previous opinions of this office, Act 228 of 1988 amended R.S. 17:54 by adding the following language:
 "Notwithstanding the provisions of R.S. 42:3 or the term of office of the employing school board, each board ... "
This amendment plainly evidences a legislative intent to avoid the result reached in Hayden v. Richland Parish SchoolBoard, 554 So.2d 164 (La.App. 2d Cir. 1989), which held that the term of a school superintendent ended by operation of law with the end of the term of the membership of the school board that executed the contract.
Therefore, it is the opinion of this office that the 1988 amendment to R.S. 17:54 plainly exempts that statute and school superintendents from the provisions of R.S. 42:3. Thus, the term of a contract for a superintendent does not end by operation of law with the end of the term of the school board entering the contract, but rather is controlled by R.S. 17:54(B). In accord are Attorney General Opinion Nos. 90-610A, 91-157A, 91-277A and 91-362A.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY AT LAW
 By: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH/cla
reh/opins95/142.op
Mr. Chester R. Cedars Attorney at Law 225 Berard Street Post Office Drawer 845 Breaux Bridge, Louisiana 70517
DATE RECEIVED:
DATE RELEASED:
Robert E. Harroun Assistant Attorney General
reh/opins95/142.crd