JiSEXTON, Judge.
Defendant, Southern Agri-Credit, Inc., appeals a judgment in favor of the state of Louisiana, Department of Transportation and Development. This judgment sustained an exception of prescription filed by the state in response to the defendant’s answer and re-conventional demand in the state’s expropriation suit. For the reasons stated herein, the judgment is reversed and the case remanded to the trial court for further proceedings.
The state of Louisiana, through the Department of Transportation and Development (“DOTD”) filed a petition of expropriation against the original defendants, James E. Townsend and P.H.S. Corporation on May 17,1989, in order to expropriate property for road construction. The property in question consisted of part of a tract being developed as Hartford Place subdivision in a joint venture by Townsend and P.H.S. Corporation. The defendants were served with the petition and Order of Expropriation on May 18, 1989 *500 and May 26, 1989 respectively, and $9,676.00 was placed in the registry of the court as just and adequate compensation for the property expropriated.
Townsend and P.H.S. never answered the petition, nor were they ever served with a notice of acceptance of the construction of the highway project by the DOTD.
On September 26,1994, five years and four months after the petition and Order of Expropriation were filed, Southern Agri-Credit, Inc. (“Southern”) obtained the subdivision property, which in the property description included the property subject to the expropriation, from the Resolution Trust Corporation, P.H.S. Corporation and Townsend by dation en paiement.
On November 4,1994, Southern moved the court to be substituted as a party defendant in place of Townsend and P.H.S.
|2On December 19, 1994, Southern filed an answer to the DOTD’s petition disputing the amount placed in the registry, alleging that the value of the land including improvements was $9,958.00, but the damage to two subdivision lots in the adjoining subdivision property was $11,482.00 because the project had rendered them unmarketable bringing the total to $21,440.00. Thus, Southern filed a reconventional demand for the sum of $21,-440.00 and other related relief.
Plaintiff filed exceptions to Southern’s answer and reconventional demand on January 6, 1995. Among the exceptions was the DOTD’s claim that Southern’s action was barred by abandonment and had prescribed. Defendant argued that neither abandonment of the claim, nor prescription was applicable, inasmuch as the DOTD had never given notice of its acceptance of the construction of the highway project for which the property was expropriated as per LSA-R.S. 48:450B.
Ruling on July 20, 1995, the trial court sustained the DOTD’s exception of prescription. It found an apparent conflict between LSA-R.S. 48:452.1, which provides for abandonment of claims not prosecuted for five years, and LSA-R.S. 48:450B, which provides the one-year period to file an answer disputing the measure of compensation to which the landowner is entitled. The court interpreted the two statutes to mean that a landowner may wait up to a year after receiving notice of acceptance before filing his claims under section 450B as long as he does not wait five years after the initial taking to file the claims. Therefore, the district court held that Southern’s claim had been abandoned or prescribed because it had waited more than five years after service of the expropriation petition and order to file its answer and reconventional demand.
13Louisiana’s quick-taking expropriation proceedings are governed by LSA-R.S. 48:441 et seq. The two specific provisions at issue are LSA-R.S. 48:452.1 and LSA-R.S. 48:450B.
LSA-R.S. 48:452.1 states in pertinent part:
A. An owner’s claim for an increase in the compensation is abandoned when he fails to take any step in the prosecution of that claim for a period of five years.
On the other hand, LSA-R.S. 48:450B provides, in pertinent part:
B. Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the measure of compensation to which he is entitled, provided:
(1) He files an answer within one year from the date he is notified in writing by the department that it has finally accepted the construction of the highway project for which the property was expropriated; provided, he may file his answer prior to the date he is notified by the department;
These two provisions are not conflicting, but concern two distinct types of acquiescence by a landowner whose property has been expropriated which may cause him to lose his claim. The language of 48:450B expressly states that the one-year prescriptive period in which a defendant must file his claim for increased compensation is triggered by “noti[ee] in writing by the department that it has finally accepted the construction of the highway project for which the property was expropriated.” (He may, of course, file an answer prior to this particular notice by the department.) Thus, this claim for an *501 increase in compensation must be prosecuted •within a five-year period as per Section 452.1.
This reading gives effect to the language of both statutes and does not place them in conflict.
This comports with the rules of statutory construction. If two statutes can be reconciled by a fair and reasonable interpretation, it must be done. The 1 construction of a particular statute which creates a statutory inconsistency should be avoided when an interpretation can be adopted which will not do violence to the plain words of an act. Hayden v. Richland Parish School Board, 554 So.2d 164 (La.App.2d Cir.1989).
Here, defendant never received notice of the department’s acceptance of the project. Therefore, the prescriptive period was not triggered, and defendant’s reconventional demand was timely. We therefore reverse the judgment of the trial court and remand this case for further proceedings. Costs of this appeal are assessed against the defendant to the extent allowed by law.
REVERSED AND REMANDED.