Dear Ms. Ford-Jones:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You ask whether an elected member of the BESE Board can legally and ethically simultaneously serve as Superintendent of a Public School, a position appointed by the local school board.
In Atty. Gen. Op. No. 92-598 it was concluded that a BESE board member holds state elective office.
Similar to your present question, in Atty. Gen. Op. No. 90-605 this office was asked whether an elected member of the State Board of Education may concurrently hold office as a Parish superintendent of schools. It was stated that the answer would be found in the interpretation of R.S. 42:66 entitled "Exemptions" and in Subsection B providing as follows:
 Nothing in this part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office maintained the critical test was whether as a superintendent he was employed. It was found that a person may be "employed" as superintendent of schools despite the fact that he may be occupying an appointive office. In the opinion this office recognized that R.S. 17:54(B) authorizes the city and parish school board to "elect" a superintendent, but concluded "for the purpose of the dual officeholding law, it is clear that an appointive officer may nevertheless be employed by the body that elected or appointed him." Accordingly, it was observed as follows:
 It is therefore the opinion of this office that a parish superintendent of schools is employed in a professional educational capacity and is exempt from the provisions of R.S. 42:61-66 that prohibit dual officeholding and dual employment and he may therefore simultaneously hold the elected office of member, Board of Elementary and Secondary Education and that of parish superintendent of schools.
In Atty. Gen. Op. No. 91-359 this office recognized that Atty. Gen. Op. No. 90-605 modified earlier opinions by concluding that a person may be "employed in his capacity (as superintendent of schools) despite the fact that he may be occupying an appointive office." It was noted that the opinion had found R.S. 42:66(B) controlling. By considering the interpretation found in Atty. Gen. Op. No. 90-605 that a Parish Superintendent of Schools is exempt from the prohibitions contained in LSA-R.S. 42:63(D), this office then concluded that a person employed in such position may hold elective office in a political subdivision of the state.
The conclusion of this office that the Superintendent of Schools is an employee of the school board is consistent withHayden v. Richland Parish School Board, 544 So.3d 164, [554 So.2d 164], (La.App. 2 Cir. 1990) where the court found that the Superintendent was an employee, and this decision was reaffirmed in Milstead v. Jackson Parish School Board,726 So.2d 979 (La.App. 2 Cir. 1998).
Therefore, being in agreement with the previous opinions of this office, we find no prohibition in simultaneously holding the position as an elected member of the BESE Board and that of Superintendent of a Public School in light of the exemption in R.S. 42:66(B).
We hope this sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr