Dear Dr. Clausen:
On behalf of Southeastern Louisiana University, you have asked this office to advise whether Dr. Martin Kurtz may be paid three hundred (300) hours of annual leave for severance pay upon the end of his employment with the university.
Dr. Kurtz was employed by the university as a 9-month faculty member on September 1, 1967. In this position, he accrued faculty leave and sick leave; he did not accrue annual leave.
On August 26, 1996, Dr. Kurtz entered the Teachers' Retirement System of Louisiana (TRSL) Deferred Retirement Option Program (DROP) pursuant to R.S. 11:786[1]. On August 30, 1996, Dr. Kurtz elected to be paid for two hundred (200) hours of sick leave as severance pay, pursuant to R.S. 17:425. 1, as discussed hereafter.
On August 25, 1997, while still in DROP, Dr. Kurtz was appointed to the position of Dean of the Graduate School, a 12-month faculty position. In this 12-month position, Dr. Kurtz earned both annual leave and sick leave in accordance with *Page 2 
ULS Board Policy and Procedures Memorandum FS.III.XX-1.[2] Since the date of his appointment as faculty dean to the present date, Dr. Kurtz has accrued annual leave in excess of 1600 hours.
On August 25, 1999, Dr. Kurtz completed DROP. He has continued to work as a faculty dean since completing DROP. Dr. Kurtz' last day of employment was July 1, 2007.
Dr. Kurtz chose to enter the Deferred Retirement Option Plan in the Teachers' Retirement System, as authorized under R.S. 11:786. Further, Dr. Kurtz elected to be paid severance pay as allowed by R.S. 17:425.1, stating:
§ 425.1. Payment of severance pay; DROP participants
 Notwithstanding any other provision of law to the contrary, any employee of a parish or city school board, Special School District Number One, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported elementary or secondary schools or public institutions of higher education who participates in the Deferred Retirement Option Program provided by R.S. 11:786 or 1152 shall be eligible for and may elect to receive on a one-time only basis severance pay upon entering the program on the same basis as any other employee who retires or otherwise leaves employment.
At issue is whether Dr. Kurtz can legally be paid for 300 hours of annual leave which he accrued in his position as faculty dean, since he has already been paid severance pay for 200 hours of sick leave accrued in his previous position.
The question becomes, what constitutes "severance pay" under R.S.17:425.1? Does the fact that Dr. Kurtz was not entitled to earn annual leave in his 9-month faculty position, and thus was paid only for the 200 hours of accrued sick leave, mean that he can later be paid for annual leave which he accrued in his 12-month position?
While "severance pay" is not defined for purposes of R.S. 17:425.1, it is defined in R.S. 17:425.2[3], pertaining to certain USL unclassified employees who are members of LASERS. R.S. 17:425.2(A)(1) states, in pertinent part: *Page 3 
 (1) "Severance pay" shall mean payment for unused sick and annual leave . . .
It is the opinion of this office that the phrase "severance pay" in R.S.17:425.1 means payment for unused sick and annual leave, as it does in R.S. 17:452. 2(A)(1). As applied in the circumstances here under review, Dr. Kurtz chose to receive his "severance pay" of 200 hours of accrued sick leave. Dr. Kurtz, who had no accrued annual leave to be included in his severance payment, is not entitled to receive compensation for annual leave earned later because he did not receive it in the first instance. Rather, Dr. Kurtz' "severance pay" was properly calculated on the leave of record at the time he elected to take the one-time payment; i.e., his 200 hours of sick leave, plus no hours of annual leave.
An employee who enters the TRSL DROP has only one opportunity to be paid severance pay under R.S. 17:425.1. The statute specifically provides that this pay is "on a one-time basis."
You ask if R.S. 42:421[5] and USL FS.III.XX-1(V)(G)(3)[6], both which provide for the payment of accrued annual leave upon termination of employment, might be applicable to Dr. Kurtz' circumstances. Note that a statute which specifically covers a particular subject takes precedence over general law on the same subject matter. If there is any conflict the special legislation will prevail, absent a clear intent to repeal the special legislation. Hayden v. Richland Parish SchoolBoard, 554 So.2d 164 (La.App. 2nd Cir. 1989).
R.S. 17:425.1 is specific legislation pertaining to those entering the TRSL DROP and is controlling over R.S. 42:421 and USL FS.III.XX.-1(V)(G)(3). This intent is also reflected in the opening phrase of R.S. 17:425.1, which states "notwithstanding any other provision of law to the contrary." In other words, R.S. 17:425.1 governs, despite general law on the same subject matter.
Dr. Kurtz received his one-time only severance pay on August 30, 1996. He may not now be paid for the 300 hours of accrued annual leave, as such payment would constitute a second severance pay, which is denied by statute. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
ATTORNEY GENERAL
 BY:__________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
[1] R.S. 11:786(A) states, in part: "in lieu of terminating employment and accepting a retirement allowance, any member of this system who is not covered by R.S. 11:801 who has thirty years of service credit at any age, twenty-five years of service credit and is at least age fifty-five, or has twenty years of service credit exclusive of military service and is at least age sixty-five may elect to participate in the Deferred Retirement Option Plan. . . ."
[2] Subsection A of Part V of the Policy and Procedures Memorandum (Policy Number: FS.III.XX-1) of the University of Louisiana System relevant to an unclassified 12-month employee states that "annual leave shall be earned by each eligible employee who has a regular tour of duty. . .".
[3] R.S. 17:425.2 was enacted by the legislature in Act 690 of the 2004 Legislative Session. The statute is applicable to "any unclassified postsecondary education employee who is a member of the Louisiana State Employees' Retirement System" and "who is employed as an unclassified postsecondary education employee on the effective date of this Section, and who is eligible for retirement or is participating in the Deferred Retirement Option Plan of the Louisiana State Employees' Retirement System on the effective date of this Section". Those individuals "shall be eligible to elect to receive severance pay pursuant to this Section". See Subpart E.
It is noteworthy that these employees receive only one severance pay, as Subpart D of the statute provides:
 . . . The payment of severance pay by his employer pursuant to this Section shall be the only severance pay paid to any employee who elects to be paid severance pursuant to this Section, and such employee shall not be eligible for and shall not be paid any additional severance pay pursuant to any other provision of law at any later time regardless of whether or not such employee has any remaining or additional unused sick or annual leave to his credit.
[5] R.S. 42:421 states:
Annual leave; limitation on amount of payment in lieu thereof
A. No officer or ex-officer of the state or of any state agency, appointed by the governor shall be paid anything by the state or any state agency for any time which may elapse after separation from his office or employment either under the guise of paying for annual leave which accrued to and was unused by him prior to separation or under any other guise whatsoever.
B. No limitation shall be placed upon the amount of annual leave which any employee of the state or of any state agency may accrue during the period of his employment; provided, however, that any employee of the state or of any state agency shall accrue annual leave at the same rate as is provided for members of the classified service of the state by the Civil Service Commission; and provided, further, that any employee orex-employee of the state or of any state agency may be paid for accruedannual leave amounting to the same maximum as is provided for members ofthe classified service of the state by the Civil Service Commission asapproved by the governor after his separation from his office oremployment if the annual leave has been accrued under established leaveregulations and an attendance record has been maintained for the employeeby his supervisor. When an employee covered by this Subsection retires, or whenever any such employee dies while still a member of any retirement system to which the state contributes in whole or in part and before retirement leaving a surviving spouse or dependent or both who are entitled to benefits from said system, his unused accumulated annual leave in excess of the amount for which payment is received, as above provided, shall be added to his membership service. The employee's unused accumulated annual leave shall not be used to determine eligibility for retirement, but shall be credited to the member only after it is determined that the member is otherwise eligible for retirement. (Emphasis added).
[6] V. Annual Leave For Unclassified Employees On The 12-Month Basis
(G) Annual leave shall be applied for in advance by the employee and may be taken only when approved by the appointing authority. Requirements concerning the use of annual leave include the following:
(3) Upon resignation, death, removal, or other termination ofemployment of an unclassified employee, annual leave amounting to thesame maximum as is provided for members of the classified service of thestate by Civil Service Commission and approved by the Governor, and accrued to his credit shall be computed and the value thereof shall be paid to the employee or the heirs. (Emphasis added).