GUIDRY, J.
| ¿This appeal raises the res nova issue of whether in an expropriation proceeding, abandonment can accrue against an allegedly unperfected claim. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 5, 2010,. the City of Baton Rouge and Parish of East Baton Rouge (City-Parish) filed a petition to expropriate a portion of a tract of land owned by Peter A. Territo, Jr. in East Baton Rouge Parish for the Green Light Plan—Staring Lane (Highland Road to Perkins Road) Improvements project (Green Light project) as authorized by the Metropolitan Council of the Parish of East Baton Rouge and City of Baton Rouge. On October 14, 2010, the trial court signed an order decreeing expropriated the portion of Mr. Territo’s land identified by the City-Parish for the Green Light project and directing the City-Parish to deposit the sum of $25,329.00 into the registry of the court and Mr. Territo to surrender possession of the property. In accordance with the court’s order, the City-Parish deposited *1151 $25,329.00 in the registry of the court on October 22,2010.
On November 9, 2010, Mr. Territo filed an answer to the City-Parish’s petition, contesting the City-Parish’s right to expropriate a portion of his property and contending that the amount of $25,329.00 paid in just compensation is “wholly inadequate and should be increased.” Specifically, in his answer, Mr. Territo alleged:
Prior to the taking herein, Defendant was the owner of the entirety [of] Lot A, resubdivision of Lots 33 and 34, Staring Property, as described in the petition on which was a residence and other improvements including, but. not limited to, extensive landscaping and trees. Defendant’s property was located in a quiet neighborhood of closely knit neighbors and the taking, if allowed, will destroy the character of his property and the neighborhood, will decrease the value of Defendant’s remaining property, will destroy old and valuable live oak trees and other shrubbery and improvement for which he should be compensated. Defendant has engaged an |aappraiser but has not yet received a report and reserves the right specifically to claim additional compensation upon being furnished with such a report or for that matter reports.
On February 7, 2011, the trial ■ court issued an order to allow Mr. Territo to withdraw the deposited sum of $25,329.00 plus accumulated interest from the registry of the court. JPMorgan Chase Bank then intervened in the action, contending that it was the holder of a promissory note secured by a mortgage on the property at issue, and hence, it asserted its right to the amount of just compensation deposited in the registry of the court and “to any amended amount that is determined to be just and fair compensation.” Mr. Territo eventually withdrew the sum of $25,424.55 from the registry of the court on February 4, 2014.
No further action was taken in the trial court until June 12,2015, when Mr. Territo filed a motion requesting a status conference. In turn, the City-Parish filed a “Motion for Final Judgment and Dismissal for Abandonment,” averring that “any claim for an increase in compensation in this matter has been abandoned as provided by [•La.] R.S. 48:452.1.” Accordingly, the City-Parish requested that the trial court render final judgment- awarding Mr. Territo the-amount deposited in the registry'of the court as just compensation and- dismiss with prejudice any claim for an increase in compensation.
A hearing on the City-Parish’s motion for abandonment was held on February 29, 2016, following which the trial court granted the motion. In a judgment signed April 11, 2016, the court décreed Mr. Territo’s claim for additional compensation abandoned and fixed just compensation as the amount deposited in the registry of the court. After the trial court denied his motion for new trial, Mr. Territo filed a motion to devolutively appeal the April 11, 2016 judgment} which was granted by the trial court. Once the matter was lodged with | ¿this court, however, it was observed that the judgment appealed appeared to be defective in that it did not specify the amount of compensation deposited in the registry of the court. Hence, this court issued an order to the parties to show cause why the appeal should not be dismissed and further remanded the matter to the trial court for the limited purpose of allowing the trial court to amend the defective judgment. The-appellate record was subsequently supplemented with an amended judgment that was signed by the trial court on August 2,2616.
DISCUSSION
In his first of two assignments of error, Mr. Territo asserts that the trial court *1152 erred in finding that the November 9, 2010 answer filed by him satisfied the requirements of La. R.S. 48:450(B), such that abandonment could commence to run in this matter from the date of that filing.
, This matter involves an expropriation action by the City-Parish. Such expropriations are conducted in accordance with La. R.S. 48:441 through 460, providing for expropriation by a declaration of taking. See La. R.S. 19:131.1(B). The rules governing abandonment set forth in Title 48 of the Louisiana Revised Statutes prevail -over the more general provisions found in the Louisiana Code of Civil Procedure. State, Department of Transportation and Development v. August Christina & Brothers, Inc., 97-244, pp. 28-29 (La. App. 5th Cir. 2/11/98), 716 So.2d 372, 384. Section 452.1(A) of Title 48 provides:
An owner’s claim for an increase in the compensation is perfected when he timely files his answer as provided in B.S. 48:450 and is thereafter abandoned when he fails to take any step in the prosecution of that claim for a period of three years. This provision shall be operative without formal order, but on ex parte motion of the department the trial court shall render final judgment fixing just compensation in the amount deposited in the registry of the court and awarding that sum to the defendant and dismissing with prejudice any claim for any increase in compensation. [Emphasis added.]
The expropriation in this case involves the taking of only a portion of the | ¿tract of land owned by Mr. Territo, rather than the entire tract. As such, La. R.S. 48:450(B) provides:
Where a portion of a lot, block, or tract of land is expropriated, any defendant may apply for a trial to determine the measure of compensation to which he is entitled, provided:
(1) He files an answer within one year from the date he is served, in the same manner provided for service of the petition, with a copy of the department’s notice of acceptance, which has been filed with the clerk of court of the parish in which the action is pending, declaring that it has finally accepted the construction of the highway project for which the property was expropriated; provided however, that he may file his answer at any time prior thereto;
(2) His answer sets forth the amount he claims, including the value of each parcel expropriated and the amount he claims as damages to the remainder of his property;
(3) His damage claim is reasonably itemized;
(4) His answer has a certificate thereon showing that a copy thereof has been served personally or by mail on all parties to the suit who have not joined in the answer.
In the instant case, rather than wait until he was served with a copy of the City-Parish’s notice of acceptance of the completed Green Light project,[1] Mr. Terri-to filed an answer to the City-Parish’s expropriation petition on November 9, 2015,[2] which La. R.S. 48:450(B)(1) express *1153 ly allows. Nevertheless, the plain language of La. R.S. 48:452.1(A) provides abandonment commences to run on a claim for increased compensation once the claim is perfected.
According to La. R.S. 48:452.1, a claim is perfected once an answer is timely filed in accordance with La. R.S. 48:450. A timely filed answer under the applicable provisions of La. R.S. 48:450, is an answer filed any time up to one year after the City-Parish served proper notice of acceptance of the Green Light project Ron Mr. Territo. As it is without question that Mr. Territo filed his answer within the requisite time delay, his answer is indisputably timely. Nevertheless, Mr. Territo argues that in order for his claim to be “perfected,” and hence commence the running of the period for abandonment of said claim, his answer had to comply with all of the provisions of La. R.S. 48:450(B). Section 452.1(A), however, states that the claim is perfected when an owner “timely files his answer as provided in R.S. 48:450.” (Emphasis added.)
Even if Mr. Territo’s answer did not comply with all of the applicable provisions of La. R.S. 48:450, it was his choice to elect to file his answer prior to being served with notice of the City-Parish’s acceptance of the Green Light project,[3] as La. R.S. 48:450(B)(1) clearly allowed him up to one year after receiving such notice to file an answer. See August Christina & Brothers, Inc., 97-244 at pp. 29-30, 716 So.2d at 385; State, Department of Transportation and Development v. James E. Townsend, Inc., 28,494, pp. 3-4 (La. App. 2d Cir. 8/21/96), 679 So.2d 499, 501. Thus, under a plain reading of La. R.S. 48:452.1, a claim is perfected when an answer is filed within the time delay provided in La. R.S. 48:450 and “is thereafter abandoned” when no step is taken in the prosecution of the claim for a period of three years.
Having therefore determined that the trial court properly found Mr. Territo’s claim to be perfected such that abandonment could commence running against the claim, we will now consider Mr. Territo’s second assignment of error wherein he claims he manifested sufficient intent to maintain his claim such that the trial court erred in finding his claim abandoned. In support of this argument, Mr. Territo alleges that he contacted “[n]o less than thirty (30) appraisers ... in East Baton Rouge and surrounding parishes” to engage to their services without success, until 17in 2015, he finally succeeded in obtaining the services of an appraiser to assist him in prosecuting his claim. Mr. Territo also points out “numerous” meetings he had with other landowners whose property was also impacted by the Green Light project and photographs they took to support their claims for additional compensation as actions manifesting his intent not to abandon his claim.
While La. R.S. 48:452.1 governs the determination of when abandonment is deemed to commence in an expropriation action, La. C.C.P. art. 561, in the absence of any opposing provision under La. R.S. 48:441-460, governs the determination of whether any actions taken by Mr. Territo are sufficient to constitute “steps” in the prosecution of his claim so as to interrupt the running of abandonment. See La. R.S. 48:454.[4] Accordingly, La. C.C.P. art. 561(A)(1) provides, in pertinent part, that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of *1154 three years. Any formal discovery as authorized by the Code of Civil Procedure and served on all parties, whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. La. C.C.P. art. 561(B).
Formal discovery, as provided in the Code of Civil Procedure, is any of the following: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; request for release of medical records; and requests for admission. La. C.C.P. art. 1421. While the actions taken by Mr. Territo clearly were for the purpose of obtaining additional evidence by which to prosecute his claim, none of those actions—attempts to hire an appraiser, strategy meetings with fellow | ^landowners, and taking photographs of their property and losses—could even loosely be construed as any act of formal discovery. Compare Louisiana Department of Transportation and Development v. Bayou Fleet, Inc., 10-1215 (La. 7/2/10), 39 So.3d 585.
Hence, Mr. Territo’s failure to take a “step” in the prosecution of his claim, in the mariner provided by law, for over three years resulted in his claim being abandoned. Accordingly, we find the trial court did not err in the judgment rendered herein.
CONCLUSION
Therefore, having determined that Mr. Territo’s claim was perfected upon his filing an answer within the time delay provided by La. R.S. 48:450(B)(1) and further finding that he failed to take a step in the prosecution of his claim for a period of three years following the filing of his answer, we affirm the August 2, 2016 judgment of the trial court. All costs of this appeal, in the amount of $1,022.50, are cast to the appellant, Peter A. Territo, Jr.
AFFIRMED.

. In a supplemental memorandum opposing the City-Parish’s Motion for Final Judgment and Dismissal for Abandonment, Mr, Territo stated that the project was completed and accepted by the City-Parish on March 26, 2015.

. In his opposition to the City-Parish’s Motion for Final Judgment and Dismissal for Abandonment, Mr. Territo explained that he filed his answer on November 9, 2010, to avoid a default judgment being rendered against him and to comply with instructions given in the citation served with petition.

. In his brief on appeal, Mr. Territo states that he was never served with notice of the City-Parish’s acceptance of the Green Light project.

. That statute provides, “[e]xcept as provided in this Part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws.”